Filing # 92643401 E-Filed 07/16/2019 03:23:18 PM

IN THE CIRCUIT COURT OF TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

NCH HEALTHCARE SYSTEM, INC.                CIRCUIT COURT DIVISION

      Plaintiff,                          Case No.: _____

vs.

PAXERAHEALTH CORP., a Delaware
corporation

      Defendant.
_____/

## COMPLAINT AND JURY DEMAND

1. Plaintiff NCH Healthcare System, Inc. ("NCH") brings this action against defendant PaxeraHealth Corp. ("PaxeraHealth") to recover damages caused by PaxeraHealth's breach of contract.

### PARTIES

2. The plaintiff, NCH, is a Florida not for profit corporation with a principle place of business at 350 7th Street North, Naples, Florida.

3. The defendant, PaxeraHealth, is a Delaware corporation with a principle place of business at 300 Washington Street, Suite 551, Newton, Massachusetts.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action for breach of contract, seeking damages in excess of $15,000.00 excluding interest, court costs, and attorneys' fees.

5. This court has personal jurisdiction over PaxeraHealth pursuant to Florida Statute 48.193, because this action arises out of PaxeraHealth's contract that was formed, failed to be performed, and breached in the state of Florida.

1

6. Venue is properly set in Collier County, Florida since NCH has its principle place of business in Collier County, and PaxeraHealth formed, failed to perform, and breached their contract at issue in Collier County.

## FACTS

7. NCH is a Florida healthcare provider operating within Collier County, Florida.

8. On information and belief, PaxeraHealth, formerly known as Paxeramed (referred to collectively as "PaxeraHealth"), is a medical imaging solution developer operating out of Massachusetts.

9. On or about March 2, 2018, NCH and PaxeraHealth entered into a fee for service agreement (the "Agreement") for PaxeraHealth to provide NCH with a Vender Neutral Archive ("VNA") Enterprise Picture-Archiving and Communication System ("PACS"). The "PACS" was intended to allow NCH to transmit, access and store digital images of radiology studies.

10. For consideration of PaxeraHealth's services, NCH agreed to pay PaxeraHealth as set forth in the Agreement. (A copy of the Agreement is already in the possession of Plaintiff and therefore, Defendant has not attached a copy of the Agreement to this pleading.)

11. The Agreement contractually obligates PaxeraHealth to provide NCH with a PACS that was capable of:

    a. automatically transmitting radiology studies to the NTT onsite data archive;
    b. functioning as specified in the Agreement without NCH needing to install a local gateway or cache, or make any other capital expenditure in hardware or service;
    c. pre-fetching prior radiology studies related to the patient;
    d. preparing the required modality worklist ("DMWL") and having it ready for retrieval;
    e. providing for zero footprint access to enterprise medical images;
    f. providing enhanced reporting with dictation transcription, customizable templates and voice recognition;
    g. providing built-in peer review, ED discrepancy and critical results;
    h. accommodating radiologists who read studies from two different versions of Intelerad PACS;

      i.    providing a functioning patient portal.

12.   PaxeraHealth is in material breach of the Agreement because the Paxera PACS failed to:

    a.    automatically transmit radiology studies to the NTT onsite data archive;
    b.    function as specified in the Agreement without NCH needing to install a local gateway or cache, or make any other capital expenditure in hardware or service;
    c.    pre-fetch prior radiology studies related to the patient;
    d.    prepare the required modality worklist ("DMWL") and have it ready for retrieval;
    e.    provide for zero footprint access to enterprise medical images;
    f.    provide enhanced reporting with dictation transcription, customizable templates and voice recognition;
    g.    provide built-in peer review, ED discrepancy and critical results;
    h.    accommodate radiologists who read studies from two different versions of Intelerad PACS;
    i.    provide a functioning patient portal.

13.   NCH gave prompt written notice to PaxeraHealth of nonacceptance, along with detailed documentation and supporting data of the failure of the PACS to perform in accordance with published performance standards.

14.   Despite being given timely notice, PaxeraHealth has failed to remedy the defects of the PACS.

15.   Pursuant to Section 7.1 of the Agreement, NCH is permitted to terminate the Agreement with cause if PaxeraHealth breaches any of its material obligations to NCH.

16.   PaxeraHealth is in material breach of its obligations under the Agreement, entitling NCH to terminate the Agreement with cause.

17.   On or about March 25, 2019, NCH sent a notice of termination of the Agreement with cause to PaxeraHealth (the "Termination Notice").

18.   In the Termination Notice, NCH indicated that NCH would not provide any further payments to PaxeraHealth for services rendered due to PaxeraHealth's material breach of the Agreement.

19. Further, NCH demanded a refund of prior payments made to PaxeraHealth under the Agreement because PaxeraHealth failed to deliver on its promises and NCH received nothing of value in return.

20. PaxeraHealth has refused, and still refuses, to refund prior payments made to NCH.

## COUNT I
## (BREACH OF CONTRACT)

21. NCH re-alleges the factual allegations set forth in Paragraphs 1 through 20 of the Complaint, and incorporates those factual allegations as if fully set forth herein.

22. NCH and PaxeraHealth entered into a valid and binding Agreement in the state of Florida for the provisions of a PACS.

23. NCH has fully performed all terms and conditions of the Agreement.

24. The PACS failed to perform in almost every respect, including failing to:

   a. automatically transmit radiology studies to the NTT onsite data archive;
   b. function as specified in the Agreement without NCH needing to install a local gateway or cache, or make any other capital expenditure in hardware or service;
   c. pre-fetch prior radiology studies related to the patient;
   d. prepare the required modality worklist ("DMWL") and have it ready for retrieval;
   e. provide for zero footprint access to enterprise medical images;
   f. provide enhanced reporting with dictation transcription, customizable templates and voice recognition;
   g. provide built-in peer review, ED discrepancy and critical results;
   h. accommodate radiologists who read studies from two different versions of Intelerad PACS;
   i. provide a functioning patient portal.
   j. otherwise failed to perform according to the Agreement.

25. NCH has suffered damages as a result of PaxeraHealth's breaches in the current amount of not less than $415,000.

## COUNT II
## (BREACH OF EXPRESS WARRANTY)

26. NCH re-alleges the factual allegations set forth in Paragraphs 1 through 20 of the Complaint, and incorporates those factual allegations as if fully set forth herein.

4

27. At all times material hereto, NCH used the PACS in the manner in which it was intended.

28. PaxeraHealth expressly warranted that the PACS would:

   a. automatically transmit radiology studies to the NTT onsite data archive;
   b. function as specified in the Agreement without NCH needing to install a local gateway or cache, or make any other capital expenditure in hardware or service;
   c. pre-fetch prior radiology studies related to the patient;
   d. prepare the required modality worklist ("DMWL") and have it ready for retrieval;
   e. provide for zero footprint access to enterprise medical images;
   f. provide enhanced reporting with dictation transcription, customizable templates and voice recognition;
   g. provide built-in peer review, ED discrepancy and critical results;
   h. accommodate radiologists who read studies from two different versions of Intelerad PACS;
   i. provide a functioning patient portal.

29. In purchasing the PACS, NCH relied on the express warranties given by PaxeraHealth.

30. PaxeraHealth breached the express warranties described above in that the PACS failed to perform in almost every respect, including failing to:

   a. automatically transmit radiology studies to the NTT onsite data archive;
   b. function as specified in the Agreement without NCH needing to install a local gateway or cache, or make any other capital expenditure in hardware or service;
   c. pre-fetch prior radiology studies related to the patient;
   d. prepare the required modality worklist ("DMWL") and have it ready for retrieval;
   e. provide for zero footprint access to enterprise medical images;
   f. provide enhanced reporting with dictation transcription, customizable templates and voice recognition;
   g. provide built-in peer review, ED discrepancy and critical results;
   h. accommodate radiologists who read studies from two different versions of Intelerad PACS;
   i. provide a functioning patient portal.
   j. otherwise failed to perform according to the Agreement.

31. As a direct and proximate result of PaxeraHealth's breach of the express warranties described above, NCH suffered damages in the current amount of not less than $415,000.

## DEMAND FOR RELIEF

WHEREFORE, NCH requests that the Court:

Enter judgment in favor of NCH and against PaxeraHealth, awarding damages, interests, costs, and attorney's fees in an amount to be determined at trial and enter such other and further relief as the Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff, NCH HEALTHCARE SYSTEM, INC., demands a trial by jury on all issues so triable.

Dated this 16th day of July, 2019.   /s/ Ashley P. Withers
Ashley P. Withers, Esquire
Florida Bar No. 15868
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorneys for Plaintiff, NCH Healthcare System, Inc.*
9132 Strada Pl., Suite 400
Naples, FL 34108
Phone: (239) 552-5300;
Fax: (239) 552-5399
NAPcrtpleadings@wickersmith.com