UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NCH HEALTHCARE SYSTEM, INC.,

    Plaintiff,

v.                              Case No.:  2:19-cv-632-FtM-38MRM

PAXERAHEALTH CORP.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff NCH Healthcare System, Inc.'s Second Amended Motion for Preliminary Injunction (Doc. 12), Defendant PaxeraHealth Corp.'s response (Doc. 22), NCH's reply (Doc. 26), and Paxera's surreply (Doc. 27).  The Court held a hearing on the Motion on September 26, 2019, and attorneys for both parties presented their arguments.

In March 2018, NCH purchased a Picture Archiving and Communication System ("PACS") from Paxera, intending to use it to transmit, access, and store digital images of radiological studies.  But NCH stopped using the Paxera PACS in October 2018 because it did not work as NCH expected.  NCH terminated the agreement in March 2019, after paying Paxera $415,000.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

The parties' contract provided that the Paxera PACS would save the radiology studies to a backup data archive owned by a third-party called NTT, but that didn't always happen. The parties disagree about the cause. NCH blames the software, while Paxera points to coding errors by NCH staff that made some radiology studies incompatible with the NTT data archive. Before NCH terminated the contract, Paxera employees would reconcile the studies for transfer to the NTT data archive. At some point—it is not clear when—Paxera stopped doing this work, so in May or June 2019, NCH hired NTT to transfer the studies. NTT found 80,000 studies that were not saved on the NTT server but could only transfer half of them. The remaining 40,000 studies are the subject of NCH's Motion.

NCH wants a preliminary injunction requiring Paxera "to immediately transfer to the NTT data archive all radiology studies of patients at NCH Healthcare Systems, Inc. that are currently stored on the Paxera PACS." (Doc. 12 at 13). NCH's request fails for two reasons. First, NCH's request goes beyond the purpose of a preliminary injunction, which "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) (quoting *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). NCH's complaint seeks only monetary damages, while the Motion asks for specific performance of a contract provision. "Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party." *Gomez v. United States*, 899 F.2d 1124 (11th Cir. 1990). NCH's proposed injunction is improper because it would grant relief that NCH will not receive even if it prevails on every count in its complaint.

The Motion also fails because NCH has not shown actual and imminent irreparable harm. NCH first argued that it, its doctors, and its patients suffered ongoing irreparable harm because it could not access 40,000 radiology studies essential for treatment and diagnosis. But Paxera presented evidence that NCH *can* access the studies through Paxera's web-based application, Ultima. At the hearing, NCH's counsel acknowledged that NCH has discovered a way to download the studies through Ultima, then electronically transfer them to a treating physician. NCH argues that it still has a patient-safety problem because its access to the studies is subject to the whims of Paxera and the integrity of Paxera's software. Paxera counters that it has never threatened to cut off NCH's access and has no plans to do so, NCH continues to access the studies through Ultima, and NCH has direct access to the studies because it owns and controls the server on which they are stored.

Preliminary injunctive relief is improper unless the movant can prove a substantial likelihood of irreparable injury, and "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation and citation omitted). It has been almost a year since NCH stopped using the Paxera PACS to store new radiology studies. During that time, NCH's only access to the 40,000 studies at issue has been Paxera's software. Yet NCH's counsel cannot identify a single example of patient care being compromised. The harm put forward by NCH—that patient care would suffer if Paxera cut off access or if the Paxera software failed—is speculative, not imminent. Without evidence of actual and imminent irreparable injury, NCH is not entitled to preliminary injunctive relief.

Accordingly, it is now

3

**ORDERED:**

Plaintiff NCH Healthcare System, Inc.'s Second Amended Motion for Preliminary Injunction (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record