UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NCH HEALTHCARE SYSTEM, INC.,

    Plaintiff,

v.                                                    Case No.: 2:19-cv-632-FtM-38MRM

PAXERAHEALTH CORP.,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant PaxeraHealth Corp.'s ("Paxera") Motion to Abstain Jurisdiction (Doc. 36) filed on October 11, 2019. Plaintiff NCH Healthcare Systems, Inc. ("NCH") filed a Memorandum of Law in Opposition (Doc. 38) on October 24, 2019. For the following reasons, Paxera's motion is denied.

## BACKGROUND

This is an action for breach of contract and express warranty, unjust enrichment, fraudulent inducement, and deceptive and unfair trade practices under Florida law. (Doc. 30). Nearly two years ago, based on Paxera's promises, NCH purchased a Picture Archiving and Communication System ("PACS"). (*Id.* at ¶ 2). The system was intended to transmit, access, and store digital images of radiological studies. (*Id.* at ¶ 12). PACS, however, did not work as expected. (*Id.* at ¶¶ 19-28).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The parties dispute the cause of the PACS breakdown. NCH says the software failed, while Paxera blames NCH staff. (*Id.* at ¶¶ 19-26). Due to the system failure, NCH terminated the contract after paying Paxera over $400,000. (*Id.* at ¶¶ 28, 42, 48, 48, 49, 55, 59). Thereafter, Paxera filed a one-count breach of contract action against NCH in Massachusetts state court. (Doc. 36-1). NCH then sued Paxera in Florida state court. (Doc. 1-1 at 6-11). Paxera removed the action to this Court three months ago. (Doc. 1). Now, Paxera moves the Court to abstain from exercising jurisdiction over this case and stay the matter pending resolution of the parties' pre-existing state action in Massachusetts. (Doc. 36). For the reasons below, the Court finds abstention inappropriate here.

## LEGAL STANDARD

"Abstention from the exercise of federal jurisdiction is the exception, not the rule," and is warranted only in "exceptional circumstances." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (quotation marks omitted). To determine whether abstention is warranted, federal courts undertake two inquiries. First, courts determine whether the state and federal proceedings are parallel. *See Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004). This means the federal and state actions involve "substantially the same parties and substantially the same issues." *Id.* Second, if parallel, courts weigh six factors:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Id.* (citation omitted). Notably, no one factor is determinative, and the weight given to each factor may vary from case to case. *See id.* at 1320. Nonetheless, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817 (citation omitted), and "[t]he doctrine of abstention . . . is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it[.]" *Id.* at 813.

## DISCUSSION

Paxera argues the Court should abstain from exercising subject matter jurisdiction over this case pursuant to the *Colorado River* doctrine. (Doc. 36). NCH maintains Paxera fails to show exceptional circumstances that warrant this Court to abstain from exercising its jurisdiction. (Doc. 38). The Court agrees with NCH.

The threshold issue before the Court is whether the federal and state cases are sufficiently parallel. Paxera asserts the cases are parallel because they arise out of the same operative facts and involve the same parties. (Doc. 36 at 4). NCH appears to concede the parties are the same, but argues the issues are not sufficiently parallel. (Doc. 38 at 8-10). More specifically, NCH asserts the issues are not parallel because its breach of express warranty and fraud and deception claims do not exist solely because a breach of contract occurred. (*Id.*). Rather, it argues these claims accrued as a result of Paxera's actions leading up to the agreement and during the purchase of the product. (*Id.* at 8-10, 13).

The Eleventh Circuit has acknowledged that "[t]here is no clear test for deciding whether two cases contain substantially similar parties or issues*." Acosta v. James A. Gustino, P.A.*, 478 F. App'x 620, 622 (11th Cir. 2012). Nonetheless, from the start, the

balance weighs heavily in favor of exercising jurisdiction. *See id.* "Thus, if there is any substantial doubt about whether two cases are parallel the court should not abstain." *Id.* (citation omitted). Moreover, "the decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

As an initial matter, there is no dispute that the state and federal cases involve the same parties. Thus, the remaining question before the Court is whether the issues are substantially the same. The answer is no.

Although both cases involve the agreement between the parties, that is not the end of the inquiry. The state court action concerns the limited question of whether NCH breached the contract. (Doc. 36-1). This case, in contrast, concerns not only the termination of the contract but also the false and deceptive acts leading up to the agreement. (Doc. 30). Thus, a resolution of the state court action would not "dispose of all claims presented in the federal case." *Bankers Ins. Co. v. Countrywide Fin. Corp.*, No. 8:11-CV-01630-T-17, 2012 WL 2594341, at *7 (M.D. Fla. July 5, 2012) (internal citation and quotation marks omitted).

At best, Paxera argues the issues are parallel because NCH's breach of warranty and fraud claims are compulsory counterclaims that must be included in the state court action. (Doc. 36 at 4 n. 1). Even if the Court accepts that these claims should be pleaded as compulsory counterclaims in the state action, that would not make the state and federal cases parallel. The Court is aware of no legal authority supporting the idea that a federal and state action are parallel for purposes of *Colorado River* simply because the federal

4

action claims could also be pleaded as compulsory counterclaims in the state action. In fact, other courts have rejected this proposition. See *Duncanson v. Wine & Canvas Dev., LLC*, No. 614CV704ORL40KRS, 2015 WL 12838845, at *4 (M.D. Fla. June 24, 2015), report and recommendation adopted, No. 614CV704ORL40KRS, 2015 WL 12844947 (M.D. Fla. Sept. 25, 2015), amended in part, No. 614CV704ORL40KRS, 2015 WL 12838361 (M.D. Fla. Nov. 20, 2015) ("[T]he *Colorado River* analysis looks only to those issues <u>actually</u> raised in the *state* case.") (emphasis added); *R.E. Loans, LLC v. Eagle Grp. Brokers, LLC*, No. 3:08CV76/MCR, 2009 WL 837668, at *3 (N.D. Fla. Mar. 30, 2009) (finding no authority holding two cases were parallel merely because the plaintiff's claim was a compulsory counterclaim in the state action and should have been resolved there); *AAR International Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 522 (7th Cir. 2001) (same).

While there is some overlap of the issues, the Court is not convinced it would have "nothing further to do in resolving any substantive part of the case" if the state breach of contract action was decided. *Ambrosia Coal*, 368 F.3d at 1329-30. Consequently, the Court finds that the litigation is not sufficiently parallel for it to abstain from exercising its jurisdiction and thus resolves any doubt in favor of exercising subject matter jurisdiction.

Even if the two cases were sufficiently parallel, the *Colorado River* factors militate against the Court abstaining from exercising jurisdiction over this matter. As to the first factor, the parties concede there is no real property at issue. Thus, this factor does not weigh in favor of abstention. See *Jackson-Platts v. General Elec. Capital Corp.*, 727 F.3d 1127, 1141 (11th Cir. 2013).

5

The second factor, convenience to the parties, is also insufficient to warrant abstention. This factor cuts both ways as it is equally inconvenient for NCH, a Florida company, to litigate in Massachusetts as it is for Paxera, operating out of Massachusetts, to litigate in Florida.

The third factor goes to the avoidance of piecemeal litigation. Paxera asserts this would likely result because both cases concern the PACS contract. But, "Colorado River's factor concerning the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. In *Colorado River*, the federal government filed suit against "some 1,000 water users," seeking a declaration as to its rights in water sources. *Colorado River*, 424 U.S. at 805. In that case, the Supreme Court found abstention appropriate because the federal law in that suit had a clear policy against piecemeal adjudication of water rights. *See id.* at 819. Additionally, that case involved claims against 1,000 users. *See id.* at 805. The Court is not convinced that this case raises the same concerns the Supreme Court had in *Colorado River*. *See Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 6:15-CV-49-ORL-41TBS, 2015 WL 13357929, at *2 (M.D. Fla. Aug. 25, 2015) ("The mere likelihood of inconsistent results, without more, is insufficient" to establish piecemeal litigation under *Colorado River*.) (internal citation and quotation marks omitted). "Although the dual proceedings in this instance will likely result in some unremarkable repetition of efforts and possibly some piece-by-piece decision-making, there is no indication that piecemeal litigation poses any greater waste or danger here than it does in the vast majority of federal cases with state counterparts...[in fact,] federal courts are almost

invariably obligated to exercise otherwise valid jurisdiction over such cases." *Ambrosia Coal and Const. Co.*, 368 F.3d at 1333. As such, this factor weighs against abstention.

Under the fourth factor, the Court looks at "the order in which the parties obtained jurisdiction." *Id*. When analyzing whether this factor weighs in favor of abstention, courts may consider "how much progress has been made" in each case. *Id.* at 1333 (citation omitted). It appears both cases are in the early stages of litigation, but the federal action has progressed slightly further. To the Court's knowledge, in the state action, NCH moved to dismiss the complaint, which the trial court denied without prejudice for failure to comply with a court rule. (Doc. 36-2 at 2). In this case, the Court held a hearing on NCH's motion for preliminary injunction and ruled on the motion substantively, held a preliminary pre-trial conference, entered a case management and scheduling order, and set the trial term. (Docs. 29; 31; 41; 42). This factor, therefore, weighs against abstention.

Next, "[t]he fifth factor considers whether state or federal law applies*." Ambrosia Coal*, 368 F.3d at 1333. In this action, NCH has brought all state law claims. This factor, therefore, weighs in favor of abstention. "How much weight it carries, however, is questionable." *Noonan South Inc. v. Volusia County*, 841 F.2d 380, 382 (11th Cir. 1988). Notably, "all federal actions based on diversity jurisdiction are governed by state substantive law." *Id*. The Court thus must consider whether "this action involves complex questions of state law that a state court might be best suited to resolve." *Id*. Here, NCH brings forth claims in contract, tort, and one cause of action under Florida's Deceptive and Unfair Trade Practices Act. The Court is not persuaded that these claims are too complex for this federal forum and thus does not give much weight to this factor.

Last, Paxera argues the Massachusetts state court is fully capable of resolving NCH's claims in this case. (Doc. 36 at 10). But, "[t]his factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334 (citation omitted). Paxera does not make this assertion. While it is true that the state court can adequately protect the parties' rights, there is no indication that this Court is unable to do the same. This factor is, therefore, neutral.

Considering all the above, the factors do not weigh strongly in favor of abstention. Therefore, this is not an exceptional case that warrants the Court to abstain from exercising its subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Defendant PaxeraHealth Corp.'s Motion to Abstain Jurisdiction (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record